HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG SMALLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUEBLUE, INC., a Washington corporation; LABOR READY MID-ATLANTIC, INC., a Washington corporation; and FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>Defendants. | CASE NO. 15-CV-5126 RBL<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA<br><br>[DKT. #22] |

THIS MATTER is before the Court on Defendants' Motion to Transfer [Dkt. #22] the case to the Western District of North Carolina. Plaintiff Craig Smalls applied for a temporary position at Labor Ready[1] in North Carolina. Labor Ready required a background check, as it does with all applicants, and required Smalls to sign an employment agreement that included an arbitration clause.

---

[1] Labor Ready is a subsidiary of TrueBlue. Smalls actually applied to work at Labor Ready. This Order will refer to the Defendants as Labor Ready for clarity, unless the context requires otherwise.

ORDER GRANTING MOTION TO TRANSFER
VENUE TO THE WESTERN DISTRICT OF
NORTH CAROLINA - 1

Labor Ready engaged a consumer reporting agency, defendant First Advantage, to assist with the background check, and to "grade" applicants either "eligible" or "ineligible" for employment. Smalls was given a score of "ineligible." Smalls sued Labor Ready, claiming the background check process violated the Fair Credit Report Act by failing to provide FCRA-required notices, disclosures, and documentation related to the background check. He purports to represent a class of similarly situated temporary work applicants. Smalls specifically claims that Labor Ready accepted First Advantage's grade at face value, without further investigation, and that by failing to notify him in advance of the adverse action, Labor Ready violated his FCRA rights (and the rights of the class he seeks to represent).

Labor Ready seeks to transfer this case to North Carolina, where all of the events in Smalls' complaint occurred, and where the action could have been brought. It seeks to enforce the arbitration agreement—which requires arbitration of Small's claim, in the location where Smalls last worked for Labor Ready, and which precludes Smalls from representing a class—and intends to ask the District Court of North Carolina to compel an arbitration there. As Labor Ready concedes, this Court cannot compel an arbitration in North Carolina (or anywhere else outside this District), but the North Carolina District Court can. It therefore asks the Court to transfer the case to the North Carolina District Court. Smalls argues, prematurely, that the arbitration agreement is unenforceable. He also claims that he last worked for Labor Ready in *South* Carolina, and that any arbitration should be compelled there. But the North Carolina court could compel an arbitration in South Carolina, and that issue is not the issue before this Court.

**I.      BACKGROUND**

In October, 2014, Smalls applied to be a temporary worker at Defendant Labor Ready Mid-Atlantic in Charlotte, North Carolina. Like all Labor Ready applicants, Smalls signed an

1  At-Will Employment Dispute and Resolution, and a Disclosure Regarding Background
2  Information.  Labor Ready then informed Smalls that he did not get the temporary job he
3  sought, based on his background check results.  Labor Ready hired Smalls for a different
4  position, and Smalls worked various temporary jobs in North and South Carolina.

Smalls filed a complaint in March, 2015, alleging that Labor Ready violated the FCRA by failing to provide requested disclosures associated with his background check.  Smalls' at-will employment contract with Labor Ready contains a dispute and resolution clause, which includes an arbitration agreement.  The agreement mandates that Labor Ready and Smalls will arbitrate any claim arising from his employment or application in the county where he last worked for the company.  It also states that the parties will not arbitrate claims on a class or representative basis. (*See* DKT. #23, Exhibit 1).  When Smalls filed his complaint, he asserted that bringing his cause of action in this district is proper because his injuries allegedly arose here.  He also maintains that venue is proper because Labor Ready and TrueBlue are both Washington corporations.  In his claim, Smalls states that the FCRA disclosure and pre-adverse action notices he challenges were drafted from this district. (*See* Dkt. #1, pg. 5).

Labor Ready argues that  (1) the action could have been brought in North Carolina (2) the interests of justice and convenience favor transferring the case under 28 U.S.C. § 1404(a).

## II.    DISCUSSION

**A. Transfer Under 28 U.S.C. §1404(a) in the Ninth Circuit.**

Labor Ready concedes this Court cannot compel an arbitration outside this district, and only a judge sitting in a North Carolina District Court can effectuate the parties' agreement. (*See* DKT. #22, pg. 2).  Therefore, Labor Ready asks the Court to transfer this action under 28 U.S.C. §1404(a).  Smalls opposes the transfer, arguing that Labor Ready cannot satisfy the Ninth

Circuit's factors for transfer, and that Labor Ready has no right to enforce the arbitration agreement at all because it is illusory. He also argues that should the agreement be enforced, the case should not be transferred because Smalls last worked for the company in *South* Carolina.

Transfer is proper when (1) the district where the moving party attempts to transfer is a "district or division in which it could have been brought" and (2) it is done "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a). The purpose of transfer is to prevent the waste "of time, energy and money," and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense … and promotes the interest of justice." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. Barge F.B.L.,* 364 U.S. 19, 26, 27, 80 (1960)).

The Court weighs eight factors to determine whether to transfer a case to another district:

(1) The location where the relevant agreements were negotiated and executed;
(2) The state that is most familiar with the governing law;
(3) The plaintiff's choice of forum;
(4) The respective parties' contacts with the forum
(5) The contacts relating to the plaintiff's cause of action in the chosen forum;
(6) The differences in the cost of litigation in the two forums;
(7) The availability of compulsory process to compel attendance of unwilling non-party witnesses; and
(8) The ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). A forum-selection clause is also a "significant factor" in the Court's §1404(a) analysis, as is the forum state's public policy, if any. *Id.* The moving party has the burden of showing that the balance of convenience of parties and the interest of justice weighs heavily in favor of transfer to overcome the strong presumption in favor of the plaintiffs' choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 255 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

B. **Labor Ready Satisfies 28 U.S.C. §1404(a) and This Circuit's Factors for Transfer**

This action could have originally been brought in the Western District in North Carolina because venue would be proper there. Venue is proper in (1) "a judicial district in which any defendant resides," or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b). Labor Ready has offices and conducts business in North Carolina. Smalls applied for work in the North Carolina branch and signed his paperwork there. Labor Ready initiated the background check from its North Carolina office. Labor Ready satisfies the first prong of the §1404(a) transfer test.

Transfer is also in the interests of justice, fairness, and convenience of the parties. Smalls can still assert his federal claims in North Carolina, while Labor Ready can seek to enforce their arbitration agreement there. North Carolina is a more convenient venue for the parties. Labor Ready has offices and conducts business in North Carolina, and Smalls is a North Carolina resident. The cost of litigation in North Carolina is cheaper than in Washington. Therefore, the interests of justice and fairness are better served in a court in North Carolina, and Labor Ready satisfies the second prong of §1404(a).

Labor Ready also meets a majority of this Circuit's eight-factor test for transfer, and has a valid forum-selection clause in their arbitration agreement.

1. **The Location Where the Relevant Agreements were Negotiated and Executed**

Smalls asserts that this factor relates to where the contracts were drafted, and maintains that because Labor Ready is a Washington corporation, any relevant agreement was drafted in Washington. However, this is a misreading of the first factor, which relates to the *execution*, not the drafting, of the relevant agreement. Smalls applied for employment at the North Carolina

branch, and signed the Disclosure and Arbitration Agreement in North Carolina. This factor weighs in favor of transfer.

### 2. The State that is Most Familiar with the Governing Law

Both parties concede that this factor is neutral.

### 3. The Plaintiff's Choice of Forum

Labor Ready concedes that this factor would normally weigh against transfer. It is well-recognized that the plaintiff's choice is usually given great deference, and Smalls' choice is Washington. (*See* DKT. #22, pg. 9). But the presence of a forum selection clause is also a significant factor in the decision to transfer. The parties agreed to arbitrate claims in the last place of employment, which is not Washington. Smalls' forum choice is therefore entitled to less weight. "When the parties' contract contains a valid forum-selection clause, that clause 'represents [their] agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 574 (2013). Furthermore, when an individual seeks to represents a class, the plaintiff's choice of forum is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Smalls consented to arbitrate in North Carolina. He also seeks to represent a class (something he agreed not to do). Thus, his choice of forum is given less weight in light of a more favorable and obvious forum. Smalls' choice of forum is outweighed by the other factors in this case.

### 4. The Respective Parties' Contacts with the Forum

Labor Ready has contacts with both forums. It is a Washington corporation which regularly conducts business in the state of North Carolina. Smalls is a resident of North Carolina. He applied to work there, and did work there. Despite Smalls' claim that the agreement was drafted in Washington, and that "he suffered as the result of Defendants' conduct

that emanated from this district," Smalls has no contact with Washington, and probably could not be sued here. Both parties have significant North Carolina contacts, and all of their contacts with each other occurred there. This factor weighs in favor of transfer.

### 5. The Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

For the reasons discussed above, Smalls' contacts with Washington are non-existent, and the factor does not support keeping the case here. This factor weighs in favor of transfer.

### 6. The Differences in the Costs of Litigation in the Two Forums

Labor Ready asserts that this litigation would be cheaper in North Carolina. Smalls lives and works there, and all of the documents and witnesses are there. That Smalls is willing to incur the cost of travel to Washington to escape enforcement of the arbitration agreement carries no weight in the overall cost analysis. This factor weighs in favor of transfer.

### 7. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Both parties concede that this factor is neutral.

### 8. The Ease of Access to Sources of Proof

Smalls concedes that his application materials are located in North Carolina, but says the majority of documents likely to be sought are in Washington, because this is a "nationwide class action." (*See* DKT. #30, pg.12). But it is not one yet, and Smalls agreed that he would not represent a class. All of the materials and witnesses related to Smalls' claim are in North Carolina. Smalls has no other known contacts or material in the state of Washington. This factor, too, weighs in favor of transfer.

The majority of the factors weigh in favor of transfer, and the only one that weighs against it is Smalls' strategic choice to sue in Washington.

**C. Smalls' "Unenforceability" Defense to a Motion to Compel Arbitration is not before this Court.**

Smalls' claim that the arbitration agreement is not enforceable is a defense to a not-yet-filed motion to compel arbitration. It is not directly a defense to the motion to transfer. Smalls seeks to bring his cause of action in Washington, a place where he has never worked for Labor Ready. In his opposition to Labor Ready's Motion to Transfer, he alleges that the Agreement he signed is illusory. Not only is it allegedly illusory, he claims his case cannot be transferred to North Carolina because the last place he worked for Labor Ready, according to his most recent paystub, is South Carolina. This is an issue to be decided by the court in North Carolina post-transfer. In transfer cases it is well recognized that "cases should remain as they are in all respects but location." *Van Dusen v. Barrack,* 376 U.S. at 634 (citing *Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305 at 652-653 (10th Cir. 1950)). Smalls' issue of whether the at-will employment agreement is illusory, and the enforcement of the arbitration clause, is not the issue before this Court. Accordingly, Labor Ready will seek, at the appropriate future time, to compel Smalls to arbitrate in the appropriate forum.

### III. CONCLUSION

The transfer to the Western District of North Carolina under 28 U.S.C. §1404 is proper, in the interest of justice and for the convenience of the parties, and a majority of the factors weigh in favor of transfer. The motion is **GRANTED.**

Dated this 26th day of June, 2015.

Ronald B. Leighton
United States District Judge