# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-293-RJC-DCK

| | |
|---|---|
| CRAIG SMALLS, individually, and on behalf of all other similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ) ) LABOR READY MID-ATLANTIC, INC.; ) and TRUEBLUE, INC.; ) ) Defendants. ) ) | MEMORANDUM AND RECOMMENDATION AND ORDER |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Compel Arbitration And Dismiss Or, In The Alternative, To Stay Proceedings Pending Arbitration" (Document No. 61). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u> in part and <u>denied</u> in part.

## BACKGROUND

Plaintiff Craig Smalls ("Plaintiff" or "Smalls") initiated this action with the filing of a "Complaint – Class Action" (Document No. 1) (the "Complaint") in United States District Court for the Western District of Washington, on March 2, 2015. The Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), by TrueBlue, Inc. ("TrueBlue"), Labor Ready Mid-Atlantic, Inc. ("Labor Ready"), and First Advantage Background Services Corp. ("First Advantage"). Specifically, the Complaint contends that "TrueBlue and/or Labor Ready willfully violated the FCRA by: (1) failing to provide a standalone up-front notice that TrueBlue

and/or Labor Ready may procure consumer reports about their applicants and employees, and (2) failing to provide proper pre-adverse action notices;" and that "First Advantage willfully violated the FCRA by failing to respond (either at all or incompletely) to requests made under FCRA." (Document No. 1, pp.2-3).

TrueBlue and Labor Ready (collectively "Defendants") filed a "Motion To Transfer Venue To The Western District Of North Carolina" (Document No. 22) on April 23, 2016. The Honorable Ronald B. Leighton's "Order Granting Motion To Transfer Venue To The Western District Of North Carolina" was issued on June 26, 2015, and includes the following summary of the case:

> Plaintiff Craig Smalls applied for a temporary position at Labor Ready in North Carolina. Labor Ready required a background check, as it does with all applicants, and required Smalls to sign an employment agreement that included an arbitration clause.
>
> Labor Ready engaged a consumer reporting agency, defendant First Advantage, to assist with the background check, and to "grade" applicants either "eligible" or "ineligible" for employment. Smalls was given a score of "ineligible." Smalls sued Labor Ready, claiming the background check process violated the Fair Credit Report Act by failing to provide FCRA required notices, disclosures, and documentation related to the background check. He purports to represent a class of similarly situated temporary work applicants. Smalls specifically claims that Labor Ready accepted First Advantage's grade at face value, without further investigation, and that by failing to notify him in advance of the adverse action, Labor Ready violated his FCRA rights (and the rights of the class he seeks to represent).

(Document No. 40,pp.1-2). Judge Leighton further noted that Defendants had conceded that the Washington Court could not compel arbitration in North Carolina, and therefore, sought to have the case transferred to the Western District of North Carolina. (Document No. 40, p.2). The case was transferred to this Court on July 8, 2015. (Document No. 43).

On August 17, 2015, Plaintiff Smalls and Defendant First Advantage filed a "Stipulation Of Dismissal" dismissing Smalls' claims against First Advantage. (Document No. 56).

2

Defendants' "Motion To Compel Arbitration And Dismiss Or, In The Alternative, To Stay Proceedings Pending Arbitration" (Document No. 61) and "…Memorandum Of Law In Support…" were filed on December 10, 2015. "Plaintiff's Opposition…" (Document No. 66) was filed on January 14, 2016; and "Defendants' Reply In Support…" (Document No. 67) was filed on January 28, 2016.

This instant motion is ripe for review and disposition, and as such, a Memorandum And Recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

**DISCUSSION**

By the instant motion, Defendants request that the Court issue an Order compelling arbitration and dismissing Plaintiff's Complaint, or in the alternative, staying these proceedings. (Document No. 61, p.1). Defendants contend that when Plaintiff applied for employment with Labor Ready, a subsidiary of TrueBlue, "he expressly agreed to arbitrate all claims arising out of or relating to his employment and the application for that employment." (Document No. 62, p.1). Specifically, Defendants note that Plaintiff applied for employment with Labor Ready on October 15, 2014, and at that time signed an "At-Will Employment Dispute & Resolution" agreement (the "Agreement") which contained an arbitration provision (the "Arbitration Provision"). (Document No. 62, p.2) (citing Document No. 63-1, p.2).

Defendants assert that pertinent parts of the Arbitration Provision include:

> **AGREEMENT TO ARBITRATE.** The Company [LRMA] and I agree that for any claim arising out of or relating to my employment, application for employment, and/or termination of employment, this Agreement, or the breach of this Agreement, shall be submitted to and resolved by binding individual arbitration under the Federal Arbitration Act ("FAA"). The Company and I agree that all claims shall be submitted to arbitration including, but not limited to, claims based on any alleged violation of any constitution, federal, state, or local law; any claims of discrimination, harassment, retaliation, wrongful termination, or violation of civil rights; claims for wages

3

or compensation owing; or, any claim based in tort, contract, or equity. . . .

**SCOPE OF ARBITRATION.** The Company and I agree that arbitration in no way limits the relief that any party may seek regardless of the jurisdiction in which arbitration has been filed. **THE COMPANY AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN MY OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE PROCEEDING**. . . .

**ARBITRATION PROCEDURE.** Any arbitration between the Company and I will be administered by the American Arbitration Association . . . . Unless the Company and I agree otherwise, any arbitration hearings will take place in the county (or parish) where I last worked for the Company. The Company will pay all AAA administration, and arbitrator fees for any arbitration as well as any filing fees where required by law.

(Document No. 62, pp.2-3) (quoting Document No. 63-1, p.2). Defendants contend that Plaintiff acknowledged and agreed to these terms when he signed and dated the Agreement, and that he then violated the Agreement on March 2, 2015, by initiating this lawsuit. (Document No. 62, p.3).

Defendants assert that Plaintiff should be compelled to participate in arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"), and Fed.R.Civ.P. 12(b)(1). (Document No. 62, pp.2, 4-9). In particular, Defendants make the following persuasive argument:

The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congress enacted the FAA to reverse hostility towards arbitration on the part of the judiciary. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Sydnor v. Conseco Fin. Serv. Corp.*, 252 F.3d 302, 305 (4th Cir. 2001). The Supreme Court has consistently held that the purpose of the FAA is to "place an arbitration agreement 'upon the same footing as other contracts, where it belongs.'" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985) (quoting H.R. Rep. No. 96, 68th Cong.,

> 1st Sess., 1 (1924)). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in *favor* of arbitration." *Moses Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) (emphasis added).
>
> The FAA is not discretionary. It requires the arbitration of disputes within the scope of an executed arbitration agreement. *See, e.g., Long v. Silver*, 248 F.3d 309, 316 (4th Cir. 2001) (emphasizing "heavy presumption" that arbitration agreements under FAA require parties to arbitrate claims absent clear indication that dispute is not covered by arbitration provision), *cert. denied*, 534 U.S. 894 (2001); *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) ("the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration"). A motion to compel arbitration is to be granted unless it is plain that the arbitration clause does not cover the asserted dispute, and any doubt as to the scope of the arbitration provision should be resolved in favor of arbitration. *Zandford v. Prudential-Bache Sec.*, 112 F.3d 723, 726 (4th Cir. 1997).

(Document No. 62, pp.4-5).

Defendants present a compelling argument that: (1) a dispute exists between Plaintiff and Defendants; (2) a valid agreement to arbitrate covers the claims Plaintiff asserts in this lawsuit; (3) the FAA applies to and governs this dispute; and (4) Plaintiff has failed and/or refused to arbitrate the dispute. (Document No. 62, pp.6-9).

In addition, Defendants argue that TrueBlue, as the parent company of Labor Ready, may also enforce the Arbitration Provision even though it was not a signatory to the Agreement. (Document No. 62 p.11). "When the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement." Id. (quoting J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 320-321 (4th Cir. 1988)).

Defendants insist that the allegations against TrueBlue and Labor Ready are indistinguishable; noting that the Complaint even refers to Defendants jointly as "TrueBlue/Labor Ready." (Document No. 62, p.11) (citing Document No. 1).

In opposition to the pending motion, Plaintiff argues that there are two primary reasons the motion to compel and dismiss must be denied: (1) "no agreement to arbitrate was ever entered into," and (2) "to the extent any agreement was actually formed, it is clear that TrueBlue cannot enforce it." (Document No. 66, p.2).

First, Plaintiff argues that the Agreement "makes clear that it applies to disputes between Smalls and 'the Company,' which is defined as 'the Labor Ready legal entity indicated on my paycheck or pay stub.'" (Document No. 66, p.2) (citing Document No. 63-1). Plaintiff contends that when this lawsuit was filed he had not received a paycheck or pay stub from either Defendant, and therefore, any "supposed agreement was illusory and fails due to an unmet condition precedent." Id.

In support of his first argument, Plaintiff notes that "a court may order arbitration only when it 'is satisfied that the parties agreed to arbitrate.'" (Document No. 66, p.5) (quoting Granite Rock Co. v. Int'l Bhd. Of Teamsters, 561 U.S. 287, 297 (2010)). Plaintiff further notes that the "question of whether the parties agreed to arbitrate is resolved by application of state contract law." Id. (citing Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998)).

Plaintiff argues that the Agreement here is "too indefinite with respect to the identity of the contracting party." Id. Plaintiff contends that since he was not hired before the lawsuit was filed, and didn't receive a paycheck or pay stub, the term "the Company" was left wholly indefinite, and thus he concludes that a condition precedent has been left unfulfilled. (Document No. 66, pp.7-8) (citing Farmers Bank v. Michael T. Brown Distrib., Inc., 307 NC 342, 350 (1983)).

6

Second, Plaintiff argues that even when Defendants eventually provided him a pay stub, it only indicated "'Labor Ready Mid Atlantic,' and not TrueBlue." (Document No. 66, pp.3, 7). Plaintiff contends that "at most Smalls only agreed to arbitrate claims between himself and Labor Ready Mid-Atlantic." (Document No. 66 p.9).

Plaintiff relies on two decisions in which he contends federal district courts have rejected similar attempts by TrueBlue to enforce Labor Ready's arbitration agreement. (Document No. 66, pp.9-14) (citing Labor Ready Nw., Inc. v. Crawford, 2008 WL 1840749, at *3 (D.Or. April 21, 2008) and Joseph v. TrueBlue, Inc., 2015 WL 575289, at *2 (W.D.Wash. Feb. 11, 2015)). Based on those cases, Plaintiff concludes that "the plain language of Labor Ready's contract shows that only Labor Ready, and not TrueBlue, may enforce its terms." (Document No. 66, p.10).

In addition, Plaintiff contends that TrueBlue cannot rely on its status as Labor Ready's parent corporation to enforce the Arbitration Agreement. Id. (citing Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1297 (3rd Cir. 1996) and Kramer v. Toyota Motor Corp., 705 F.3d 1122 (9th Cir. 2013)).

Plaintiff further contends that the J.J. Ryan & Sons decision offers Defendants no help, even though it provides that, "[w]hen charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement." Id. (quoting J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 320-321 (4th Cir. 1988)). Plaintiff asserts that J.J. Ryan & Sons must be read with subsequent authority, specifically, Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 417 (4th Cir. 2000). (Document No. 66, pp.10-11).

In Int'l Paper Co., the Fourth Circuit states:

> While a contract cannot bind parties to arbitrate disputes they have not agreed to arbitrate, "[i]t does not follow ... that under the [Federal Arbitration] Act an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision." Fisser v. International Bank, 282 F.2d 231, 233 (2d Cir.1960). Rather, a party can agree to submit to arbitration by means other than personally signing a contract containing an arbitration clause.
>
> Well-established common law principles dictate that in an appropriate case a nonsignatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties.[4] For example, in J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 320–21 (4th Cir.1988), we explained that when allegations against "a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement." We further explained that "[t]he same result has been reached under a theory of equitable estoppel." Id.; see also Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 757 (11th Cir.1993) (holding that because claims against nonsignatory parent were "intimately founded in and intertwined with" a contract containing an arbitration clause, signatory was estopped from refusing to arbitrate those claims); Hughes Masonry Co. v. Greater Clark County Sch. Bldg. Corp., 659 F.2d 836, 840–41 (7th Cir.1981) (finding signatory equitably estopped from repudiating arbitration clause in agreement on which suit against nonsignatory was based). Moreover, the Second Circuit recently noted that it had recognized that five theories "aris[ing] out of common law principles of contract and agency law" could provide a basis "for binding nonsignatories to arbitration agreements: 1) incorporation by references; 2) assumption; 3) agency; 4) veil piercing/alter ego; and 5) estoppel."

Int'l Paper Co., 206 F.3d at 416-417.

In that decision, the Fourth Circuit concluded that the doctrine of equitable estoppel applied, and further noted that "[i]n the arbitration context, the doctrine recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him." Id. at 418.

In reply, Defendants assert that Plaintiff's arguments in opposition to the motion to compel arbitration are all without merit. (Document No. 67). First, Defendants argue that the "Agreement clearly identifies 'Labor Ready' as a contracting party," and that there was nothing illusory about the identity of Plaintiff's employer. (Document No. 67, pp.2-3). Defendants note that Plaintiff Smalls went to a Labor Ready branch in Charlotte, North Carolina, in or around October 2014, to apply for employment; that "'LABOR READY a TRUEBLUE Company' appears prominently at the top of the Agreement"; and that "the Agreement states that 'I understand that my employer is the Labor Ready legal entity on my paycheck or pay stub." Id. (citing Document No. 1 and Document No. 63).

Defendants further note that in lieu of receiving a paycheck or pay stub, Plaintiff completed a "Preferred Payment Form" indicating that he elected to receive his wages through an electronic transfer to a paycard, referred to as a Global Cash Card "GCC." (Document No. 67, p.3) (citing Document No. 33). The Preferred Payment Form states:

> By submitting this form, I understand I will receive my pay statements electronically via globalcashcard.com. I understand that I may, at any time, receive a hard (paper) copy of my pay statement by requesting one at the Labor Ready branch office. In addition, I may access the electronic paystubs by phone, email, fax, abbreviated text message, or by calling customer service directly at Global Cash Card.
>
> I agree that any claim I may have arising out of the use of paycards, direct deposit, or electronic pay statements **are subject to the arbitration provisions contained in my employment application**, which includes my agreement to pursue claims as an individual plaintiff . . . in arbitration before the American Arbitration Association.

Id. (Emphasis added). Defendants conclude that if Plaintiff had any doubt about the identity of his employer, there were many means to obtain a copy of his pay stub. (Document No. 67, p.3).

9

Next, Defendants contend in reply that Plaintiff's argument fails under North Carolina law. Id. Defendants assert that even if Plaintiff was somehow unaware of the identity of his employer, that would not be sufficient under North Carolina law to make the Agreement "illusory." (Document No. 67, p.4).

> It is well established under North Carolina law that a party does not have to be positively identified for a contract to exist or for the previously unknown party to enforce the contract. Moreover, 'absent normal defenses to contract formation, an agreement to arbitrate cannot be defeated by one party's assertion that it did not know the precise identity of the party with whom it contracted.'

Id. (quoting Nereim v. Premara Financial, Inc., No. 3:14-CV-096-FDW, 2014 WL 2882692, at *2 (W.D.N.C. 2014) (quoting Habitat Architectural Group, P.A. v. Capitol Lodging Corp., 28 Fed. App'x 242, 245 (4th Cir. 2002)).

In addition, Defendants argue that, contrary to Plaintiff's assertion, the Agreement does not contain a condition precedent that a Labor Ready entity be identified before the Agreement was formed or enforceable. (Document No. 67, pp.4-5). Defendants cite the following caselaw for support:

> "A condition precedent is a fact or event that must exist or occur before there is a right to immediate performance." *Harris v. Stewart*, 193 N.C. App. 142, 146, 666 S.E.2d 804, 807 fn 1 (2008), citing *Cox v. Funk*, 42 N.C. App. 32, 34, 255 S.E.2d 600, 601 (1979). Condition precedents must be clearly indicated, and "since condition precedents are not favored by the law one will not be read into [a] contract where the parties did not clearly indicate one." *Mosely v. WAM, Inc.*, 167 N.C. App. 594, 600, 606 S.E.2d 140, 144 (2004).

(Document No. 67, p.4). Moreover, Defendants note the Agreement expressly applies to claims arising out of Plaintiff's application for employment – an event occurring prior to the receipt of a paycheck. (Document No. 67, p.5); see also (Document No. 63-1).

Finally, Defendants re-assert that Fourth Circuit precedent holds that TrueBlue is entitled to enforce the Agreement. (Document No. 67, pp.5-7). Defendants specifically contend that Plaintiff's suggestion that the decision in JJ. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A. has been limited is inaccurate. (Document No. 67, p.5). Instead, Defendants argue that the holding in J.J. Ryan & Sons has been "consistently followed and extended to promote arbitration." (Document No. 67, pp.5-6) (citing Long v. Silver, 248 F.3d 309, 320 (4th Cir. 2001); International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411 (4th Cir. 2000); DIRECTV, LLC v. Saylor, 2015 WL 1477885 (W.D.Va. Mar. 31, 2015); Benezra v. Zacks Inv. Research, Inc., 2012 WL 1067559, *8 (M.D.N.C. Mar. 2012)).

After careful consideration of the parties' arguments, the undersigned is persuaded that the parties should immediately proceed to arbitration. The undersigned is not convinced that discovery on this issue is necessary. Rather, it appears that Defendants have adequately satisfied the requirements for compelling arbitration as recognized by the Fourth Circuit.

> In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute."

Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-501(4th Cir. 2002) (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)). Adkins further notes that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." Adkins, 303 F.3d at 500 (quoting Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ., 489 U.S. 468, 475–76 (1989).

# RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion To Compel Arbitration And Dismiss Or, In The Alternative, To Stay Proceedings Pending Arbitration" (Document No. 61) be **GRANTED in part** and **DENIED in part**. Specifically, the undersigned recommends that the requests to compel arbitration and stay this matter be granted, but that the request to dismiss be denied,

**IT IS FURTHER ORDERED** that the parties shall file a Status Report, jointly if possible, on **May 1, 2016**, and **every ninety (90) days** thereafter, until otherwise ordered by the Court.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: February 25, 2016

David C. Keesler
United States Magistrate Judge